FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FELIPE DE JESUS DE LA CRUZ
GALVAN,

                Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney
General,

                Respondent.

No. 08-71222

Agency No. A097-866-462

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]
San Francisco, California

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Felipe de Jesus de la Cruz Galvan, a native and citizen of Mexico, petitions

for review of the decision of the Board of Appeals denying his motion to reopen

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the underlying denial of his application for cancellation of removal, based on his application for relief under the Convention Against Torture ("CAT).

Petitioner's claim for protection under CAT failed to present evidence of changed country conditions in Mexico that are material to petitioner and his circumstances. S*ee* 8 C.F.R. § 1003.2(c)(3)(ii); *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) (holding that CAT applicant must establish that it is more likely than not that he would be tortured if removed to his native country). Petitioner therefore failed to establish prima facie eligibility for protection under CAT.

We lack jurisdiction to review petitioner's contention that he is entitled to asylum and withholding of removal because he failed to raise this contention before the BIA and he thereby failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Moreover, petitioner's claim - that he was entitled to asylum and withholding relief based on being a Mexican alien who would be targeted upon returning home from the United States - lacks merit because this does not qualify as a cognizable social group, and thus, could not support a grant of asylum or withholding of relief. *See*

08-71222

*Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**